GEORGE RIGGS & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. May 27, 1904.)

No. 3,412.

1. CUSTOMS DUTIES—CLASSIFICATION—FIGURED COTTON CLOTH.

    In the main part of paragraphs 306, 307, Tariff Act July 24, 1897, c. 11, § 1, Schedule I, 30 Stat. 176 [U. S. Comp. St. 1901, pp. 1656, 1657], there is prescribed a scale of duties for cotton cloth, varying in rate according to certain physical conditions of the fabric, as whether bleached, dyed, colored, stained, painted, or printed, and whether of specified conditions of weight and thread count; and in a proviso to each of these paragraphs there is prescribed a different scale of duties, varying according to the same tests, except as to weight, but regulated by additional conditions as to the value of the cloth. Paragraph 313 of said act, c. 11, § 1, Schedule I, 30 Stat. 178 [U. S. Comp. St. 1901, p. 1659], provides that such cloth shall, if subjected to certain figuring processes, pay a duty "in addition to the duty herein provided for other cotton cloth of the same description, or condition, weight, and count of threads." Held, that the expression, "same description, or condition," as thus used, has no reference to the condition concerning value prescribed in the provisos to paragraphs 306, 307, and that, when cotton cloth is of such character as to become liable to the additional duty prescribed in paragraph 313, such duty should be additional only to that provided in the main part of paragraph 306 or 307, and not to that prescribed in said provisos to those paragraphs, conditioned on the value of the fabric.

On Application for Review of a Decision of the Board of General Appraisers.

These proceedings relate to a decision (In re Riggs, G. A. 5,374, T. D. 24,562) affirming the assessment of duty by the collector of customs at the port of New York on an importation of George Riggs & Co.

W. Wickham Smith, for importers.

  D. Frank Lloyd, Asst. U. S. Atty. (Albert H. Washburn, Counsel for the Treasury Department, of counsel).

TOWNSEND, Circuit Judge. The merchandise in question consists of figured cotton cloth, which was assessed for duty under the provisions of paragraph 313 of the tariff act of July 24, 1897, c. 11, §

1, Schedule I, 30 Stat. 178 [U. S. Comp. St. 1901, p. 1659], which reads as follows:

"(313) Cotton cloth in which other than the ordinary warp and filling threads have been introduced in the process of weaving to form a figure, whether known as lappets or otherwise, and whether unbleached, bleached, dyed, colored, stained, painted, or printed, shall pay in addition to the duty herein provided for other cotton cloth of the same description or condition, weight, and count of threads to the square inch, one cent per square yard if valued at not more than seven cents per square yard, and two cents per square yard if valued at more than seven cents per square yard."

The collector made the assessment subject to the duties imposed by said paragraph, and also assessed duty at the rate of 35 per cent. ad valorem under the provisions of the countable cotton clauses, paragraphs 306 and 307 of said act, c. 11, § 1, Schedule I, 30 Stat. 176 [U. S. Comp. St. 1901, pp. 1656, 1657], which provides a rate of duty on cotton cloth, determined according to its conditions, as bleached, dyed, colored, etc.; the tests being, as referred to in said paragraph 313, description, condition, weight, and count of threads. Said paragraphs, however, contain a further proviso that on all cotton cloth exceeding a certain number of threads, etc., a further ad valorem duty shall be collected. Counsel for the importers insists that inasmuch as paragraph 313 provides for a duty additional to that provided "for other cotton cloth of the same description, or condition, weight and count of threads," under paragraphs 306 and 307, but does not refer to the ad valorem proviso, there was no justification for the action of the collector in assessing the ad valorem duty under paragraph 306 or 307. Counsel for the government contends that the words in paragraph 313, "of the same description, or condition," are broad enough to include "value." There would be considerable force in this contention, were it not for the fact that said words are followed by the words "weight and count of threads," while all reference to the ad valorem provision is omitted. The chief contention of counsel for the government is that, as the act of 1897 is intended as a protective tariff, the effect of the construction contended for by the importers would be to nullify the intent of the law, by permitting fancy goods to come in at a lower rate of duty than plain goods. The evidence on this point, however, is incomplete and unsatisfactory. It is practically conceded by counsel for the government that in this specific case the fancy goods would pay a slightly higher rate of duty than the plain goods. Certain illustrative samples were introduced to show that in certain other cases fancy goods would pay a lower rate of duty than plain goods, but it does not appear that this would be true as to fancy goods generally. The question is a doubtful one. If Congress intended that the ad valorem duty provided for in paragraphs 306 and 307 should be imposed upon these goods, it could have avoided all question by inserting the word "value." It has not done this, and, in these circumstances, it would seem to be the duty of the court to resolve the doubt raised by reason of such omission in favor of the importer.

The decision of the Board of General Appraisers is reversed.